UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **NIKOLAI RADOMILE,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**PINNACLE TREATMENT CENTERS, KY-I LLC, d/b/a RECOVERY WORKS GEORGETOWN; AMY OLSEN; SUSIE GREENWELL; and LISA PINKERTON,**<br><br>    **Defendants.** | **CASE NO. 5:23-CV-343-KKC**<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Nikolai Radomile's motion to remand (DE 8) and Defendant Pinnacle Treatment Centers, KY-I LLC's partial motion to dismiss. (DE 6.) For the following reasons, the Court will deny the motion to remand and grant the partial motion to dismiss.

**I.   Background**

Nikolai Radomile ("Radomile") was employed by Pinnacle Treatment Centers, KY-I LLC ("Pinnacle") prior to his termination. While employed, Radomile possessed a firearm and stored it in his vehicle pursuant to KRS § 527.020, which states in relevant part:

> A loaded or unloaded firearm or other deadly weapon shall not be deemed concealed on or about the person if it is located in any enclosed container, compartment, or storage space installed as original equipment in a motor vehicle by its manufacturer, including but not limited to a glove compartment, center console, or seat pocket, regardless of whether said enclosed container, storage space, or compartment is locked, unlocked, or does not have a locking mechanism. No person or organization, public or private, shall prohibit a person from keeping a loaded or unloaded firearm or ammunition, or both, or other deadly weapon in a vehicle in accordance with the provisions of this subsection. Any attempt by a person or organization, public or private, to violate the provisions of this subsection may be the subject of an action for

1

>appropriate relief or for damages in a Circuit Court or District Court of competent jurisdiction.

Radomile alleges that Pinnacle terminated his employment as a direct result of his lawful possession of a firearm. (DE 1-1 at 7.) He argues that his termination constitutes a wrongful discharge in violation of KRS § 537.020(8).

Additionally, Radomile brings claims against Amy Olsen, Susie Greenwell and Lisa Pinkerton—who he asserts are "agent[s] and/or employee[s] of Defendant Pinnacle." (*Id.* at 6.) He further alleges that his wrongful discharge caused emotional harm and brings the following additional claims as Counts II-VI: (1) negligent infliction of emotional distress; (2) intentional infliction of emotional distress; (3) negligence; (4) causation; and (5) punitive damages. (*Id.* at 7-9.) He seeks any relief that the Court deems him entitled and seemingly brings all six claims against each named defendant. (*Id.* at 9.)

After Radomile filed the underlying complaint in state court, Pinnacle removed the action to this Court (DE 1) and filed a partial motion to dismiss (DE 6) that seeks to dismiss the bulk of Radomile's claims. Radomile subsequently filed a motion to remand (DE 8), arguing that removal was improper. Now that the parties have briefed the motions pursuant to the local rules, both of them are now ripe for the Court's review.

In opposing the plaintiff's motion to remand, counsel for Pinnacle alleges that joinder of the other defendants was fraudulent, so they should not count for purposes of jurisdiction, (DE 13 at 6.) and that the amount in controversy requirement was met, therefore making removal proper. (DE 13 at 11.)

II. Analysis

    A. **Motion to Remand**

Radomile argues that removal was improper because diversity jurisdiction is not met in this case. (DE 8 at 2.) Specifically, he argues that: (1) there is a lack of complete diversity;

2

(2) Pinnacle failed to show that the amount in controversy was met; and (3) "snap removal" justifies remand to state court. In response, Pinnacle argues that it did not have to consider the individual defendants in its removal because they were fraudulently joined to the action. (DE 13 at 2.)

"A civil case brought in state court may be removed to federal court if the action could have been brought in federal court originally." *White v. Medtronic, Inc.*, 808 F. App'x 290, 292 (6th Cir. 2020) (citing 28 U.S.C. § 1441(a)). The defendant bears the burden of establishing that removal is proper. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). All doubts regarding the removal petition must be resolved against removal. *Queen ex rel. Province of Ont. V. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). A district court must remand a removed action when it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Pinnacle removed this case under 28 U.S.C. § 1332, which states that: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332. When the opposing party is a corporation, it is deemed to be a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *Id.* In cases with multiple defendants, there must be complete diversity unless some defendants were fraudulently joined—meaning they were non-diverse defendants joined to the action to defeat diversity. *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009). Those non-diverse defendants will not be considered for diversity purposes if fraudulent joinder can be shown. *Id.*

"Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action." *Id.* Therefore, the Court must ask whether the plaintiff

3

has a colorable cause of action under state law against the non-diverse defendants. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).

> Kentucky is a notice pleading jurisdiction, where the central purpose of pleadings remains notice of claims and defenses. In accordance with Kentucky Civil Rule 8.01(1), a pleading which sets forth a claim for relief ... shall contain (a) a short and plain statement of the claim showing that the pleader is entitled to relief and (b) a demand for judgment for the relief to which he deems himself entitled.... It is not necessary to state a claim with technical precision under this rule, as long as a complaint gives a defendant fair notice and identifies the claim.

*Wells v. Bombardier Recreational Prod., Inc.*, No. 6:23-CV-165-REW-HAI, 2023 WL 10675145, at *3 (E.D. Ky. 2023). Accordingly, it is necessary to determine whether fair notice was given and viable claims were identified for the non-diverse defendants.

Plaintiff has conceded that Pinnacle is a diverse defendant, so the bulk of the court's analysis will focus on whether the joinder of the non-diverse defendants was proper.

        1.        **Fraudulent Joinder**

In Count I of the Complaint, Radomile asserts a claim of wrongful discharge against Pinnacle and the individual defendants. However, this Court has previously found that a claim for wrongful discharge claim may only lie against an employer under Kentucky law. *See Temple v. Pflunger*, 866 F.Supp.2d 735, 744 (E.D. KY. 2011) (quoting *Lorson v. Wal–Mart Stores, Inc.*, 2005 WL 1287421 (W.D. KY. 2005)). The Court can find no Kentucky case in which a plaintiff successfully asserted a claim for wrongful discharge against individual employees. *Id.* Accordingly, wrongful discharge is not a colorable action against the individual defendants and the Court finds that they were fraudulently joined. It is clear that Pinnacle is the true target of Radomile's action.

Further, the Court finds that the remaining claims do not constitute colorable actions against the individual defendants. In response to Pinnacle's partial motion to dismiss Counts II through VI of the Complaint, Radomile concedes that he has no objection to the dismissal

4

of those claims *against Pinnacle* because there are not facts making such claims viable. Yet even a cursory examination of the Complaint shows that the remaining claims are not colorable actions against the individual defendants.

"[A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Radomile has not set forth any facts that establish the individual defendant's role in the action except for the fact that they worked for Pinnacle. In fact, Radomile only provides a "formulaic recitation of the elements" in Counts II through VI. He fails to provide any grounds of his entitlement to relief from any defendant in those remaining counts. Accordingly, the Court finds that there are no colorable actions against the individual defendants in this case and that they were fraudulently joined to defeat diversity jurisdiction.

### 2. Amount in Controversy

To establish diversity jurisdiction, the removing party must show that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). This means Pinnacle bears the burden of proving that the amount in controversy requirement is met. "The defendant must prove that the amount in controversy "more likely than not" exceeds $75,000." *YA Landholdings, LLC v. Sunshine Energy, KY I, LLC*, 871 F. Supp. 2d 650, 652 (E.D. KY. 2012) (quoting E*verett v. Verizon Wireless, Inc.,* 460 F.3d 818, 822 (6th Cir.2006)).

Pinnacle noted in its Notice of Removal that Radomile seeks actual, consequential, and punitive damages, and attorneys' fees and costs as a result of the alleged wrongful termination and that this amount exceeds $75,000. Radomile argues that this assertion is not enough to meet the amount in controversy requirement and that it should have included evidence of the amount in controversy in its removal petition. The Supreme Court, however, has refuted this narrow interpretation of the amount in controversy requirement.

The Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, explained that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 574 U.S. 81, 89 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* Here, Pinnacle asserted a plausible allegation that the amount in controversy exceeded $75,000 when it invoked the alleged wrongful discharge claim and Radomile's various claims for relief. It is proper for Pinnacle to provide evidence showing the amount in controversy was met now that Radomile has contested it in his motion to remand.

Pinnacle has provided calculations showing the amount in controversy is more likely than not met in this action. These include calculations based on Radomile's own demand letter, which demanded an amount "equal to three years of his compensation." (DE 13 at 10.) Kentucky plaintiffs may recover back pay, front pay, fringe benefits and punitive damages from a successful wrongful discharge suit. *Macglashan v. ABS LINCS KY, Inc.*, 448 S.W.3d 792, 793-94 (Ky. 2014). Using assumed hourly pay of $25.00 and an average of 36 hours per week, Pinnacle demonstrates that the demand letter could appear to ask for $140,400.00—well above the amount in controversy requirement. And if this action took 36.8 months to reach trial, "the median average in the Eastern District of Kentucky," Radomile could be entitled to $144,000 in back pay. And these calculations have not even considered punitive damages, of which Kentucky provides no limit on recovery. The Court finds that Pinnacle has met its burden in demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### 3.    Snap Removal

Because the Court has found that the individual defendants were fraudulently joined to this action, it is unnecessary to consider whether snap removal justifies remand to state court and will not be examined at this time.

### B. Motion to Dismiss

As discussed above, Pinnacle moves to dismiss Counts II through VI for failure to state a plausible claim to relief under Rule 12(b)(6). (DE 6-2 at 2.) Radomile indicated that he has no objection to the dismissal against Pinnacle, but objects to the claims being dismissed with prejudice. Notably, Radomile provides no support or argument for why these claims should be dismissed without prejudice.

"A dismissal pursuant to Rule 12(b)(6) is a judgment on the merits and is therefore with prejudice." *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004). The Supreme Court has explained that "an adjudication on the merits" is synonymous with a dismissal with prejudice. *See Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). Here, by asking for the opportunity to amend his complaints to assert these claims "[i]f facts should be revealed during the course of discovery which make such claims viable against Defendant Pinnacle," Radomile concedes that Counts II through VI are not viable claims at this time.[1] Further, the Court has already noted that Radomile has not provided adequate grounds for relief and merely recited the elements of each in his Complaint. Accordingly, the Court will dismiss Counts II through VI with prejudice pursuant to Rule 12(b)(6) and the plaintiff's own concession that they are not viable claims.

### III. Conclusion

For the aforementioned reasons, the Court hereby ORDERS as follows:

1) Radomile's motion to remand (DE 8) is DENIED;

---

[1] In fact, the Court cannot find case law indicating that causation (Count V) and punitive damages (Count VI) are cognizable causes of action under Kentucky law.

7

2) Pinnacle's partial motion to dismiss (DE 6) is GRANTED, in that Counts II-VI are DISMISSED with prejudice;

3) Because the individual defendants were fraudulently joined to this action, AMY OLSEN, SUSIE GREENWELL, and LISA PINKERTON are DISMISSED as parties to this action; and

4) the wrongful discharge claim against Pinnacle is the SOLE REMAINING CLAIM in this action.

This 17th day of June, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY